**CALABRET, Plaintiff-Appellant, v. VIVACQUA, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3827. Decided March 27, 1956.

Leda C. Hartwell, Youngstown, for plaintiff-appellant.
Don Hanni, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

In plaintiff's action filed in the Municipal Court of Youngstown to recover money allegedly loaned by plaintiff to defendant the trial judge sustained defendant's motion to discharge an order of attachment issued upon plaintiff's affidavit that defendant was about to remove and dispose of his property with intent to defraud his creditors. Such motion was sustained for the reason and on the ground that defendant had committed no overt act in any way disposing of his property nor removing it from the jurisdiction of the court.

Plaintiff appealed from the order of the trial court to this court on questions of law.

Plaintiff contends by assignments of error, oral arguments and brief, that:—

"1. The court erred in vacating and discharging the order of attachment.

"2. That said order of the court discharging said attachment is contrary to law.

"3. That the order of the court is contrary to all the evidence and said order is not sustained by any evidence.

"4. Other errors of law occurring at the trial."

Plaintiff states by brief:—

"The sole issue presented is that the trial court erred in dismissing and vacating an attachment of an automobile where no evidence was offered by the defendant and the plaintiff's uncontradicted evidence showed that defendant had threatened to dispose of said automobile

and conceal all his other property, quit his job and go back to gambling so that any judgment plaintiff might obtain could not be satisfied."

Plaintiff further states by brief:—

"It is not necessary that there be an overt act of defendant to sustain an order of attachment made on an affidavit that defendant is about to remove or conceal his property where three witnesses have testified that he threatened to do so and no evidence is offered on behalf of defendant."

Such statement was not contradicted.

Further plaintiff contends that if the intent to dispose of property is proven that is all that is necessary to bring the plaintiff within the provisions of subsections F and H of §1911.21 R. C., in which contention we concur.

It is not necessary to show an overt act. Threats to dispose of debtor's property to prevent the collection of the debt is sufficient to show intent under §2715.01 R. C. Judgment reversed because contrary to law.

NICHOLS and GRIFFITH, JJ, concur in judgment.